William A. Barton, OSB #720209
Brent Barton, OSB #062698
attorneys@bartontrialattorneys.com
BARTON TRIAL ATTORNEYS, P.C.
214 SW Coast Highway
P.O. Box 870
Newport, Oregon 97365
Telephone: (541) 265-5377
Facsimile: (541) 265-5614
       Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ERIC MOUTAL** and **ANDREA NEWMAN**, <br><br>           Plaintiffs, <br>     v. <br><br> **EXEL, INC.,** a foreign corporation, <br><br>           Defendant. | Case No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

**JURISDICTION AND VENUE**

**1.**

Plaintiffs Eric Moutal and Andrea Newman are Canadian citizens who reside in Vancouver, British Columbia, Canada.

**2.**

At all times relevant to this complaint, Defendant Exel, Inc. ("Defendant Exel") was a foreign corporation registered to do business in Oregon and with its principal place of business in Westerville, Ohio.  Defendant Exel provides interstate trucking services throughout the United States, including Oregon.

COMPLAINT - 1

**3.**

The cause of action underlying this litigation arose in Hood River County, in the state of Oregon.  Venue is therefore appropriate pursuant to 28 U.S.C. § 1391(b)(2).

**4.**

This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of a foreign state and a citizen of Ohio and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

**5.**

On Wednesday, August 3, 2016, Plaintiffs were lawfully bicycling in a westerly direction in the bicycle lane on Interstate 84 at or about milepost 52, which is approximately 8 miles from the town of Cascade Locks in Hood River County, Oregon.  The bicycle lane doubles as the north shoulder of Interstate 84 (westbound) along this stretch of highway.  A highway sign cautions drivers that bicyclists are sharing this stretch of road.

**6.**

At approximately 6:32 p.m., a truck owned by Defendant Exel drifted across the right-hand fog line into the bicycle lane, striking Plaintiffs while they were bicycling.  This tractor/trailer was driven by Defendant Exel's employee Terry Steven Tisdale, who was acting in the course and scope of his employment and/or agency while driving its tractor/trailer at the time.

## DAMAGES

**7.**

As a result of Defendant Exel's tractor/trailer hitting him, plaintiff Eric Moutal suffered serious injury and had to be transported to Oregon Health and Sciences University ("OHSU") in Portland, Oregon via air ambulance.  Physicians at OHSU diagnosed him with displaced comminuted fractures of the left tibia and fibula, a left side rib fracture, multiple displaced fractures of his left foot, laceration of his nose, abrasion to his lip, and acute post-hemorrhagic anemia.  Plaintiff Eric Moutal has incurred economic damages for health care costs, lost wages,

impaired earning capacity, and impaired capacity to perform household services in an amount to be proven at trial, but in excess of $75,000.  In addition, Plaintiff Moutal's physical injuries will require continued care, which will cause him further economic damages in an amount to be proven at trial.

**8.**

As a result of Defendant Exel's tractor/trailer hitting him, Plaintiff Eric Moutal has also suffered permanent emotional injury, pain and suffering, physical and emotional trauma, and psychological damages, all to his noneconomic damages in an amount to be proven at trial, but in excess of $75,000.

**9.**

As a result of Defendant Exel's tractor/trailer hitting her, Plaintiff Andrea Newman also suffered injuries and had to be transported to OHSU, where she was treated for a laceration of her right knee and abrasions to her left knee and both shoulders.  Plaintiff Andrea Newman has incurred economic damages for health care costs, lost wages, impaired earning capacity, and impaired ability to perform household services in an amount to be proven at trial, but in excess of $75,000.  In addition, Plaintiff Newman's physical injuries will require continued care, which will cause her further economic damages in an amount to be proven at trial.

**10.**

As a result of Defendant Exel's tractor/trailer hitting her, Plaintiff Andrea Newman has also suffered permanent emotional injury, pain and suffering, physical and emotional trauma, and psychological damages, all to her noneconomic damages in an amount to be proven at trial, but in excess of $75,000.

//
//
//
//

COMPLAINT - 1

## CLAIMS FOR RELIEF

*Negligence*

*(Respondeat Superior)*

**11.**

Plaintiffs reallege and incorporate by references the allegations contained in paragraphs 1 – 10 herein.

**12.**

At the time and place of the collision described in paragraph 6, Terry Steven Tisdale, was negligent in one or more of the following ways:

a. in failing to stay in his lane of traffic;

b. in failing to maintain an adequate lookout so as to avoid hitting Plaintiffs, despite the sign warning him to mind bicyclists; and

c. driving at a speed that was excessive under the existing circumstances.

**13.**

At the time and place of the collision, Terry Steven Tisdale was an employee and/or actual agent of Defendant Exel working within the course and scope of his employment and/or actual agency as a driver of a tractor/trailer owned by Defendant Exel.  Defendant Exel is liable to Plaintiffs for the actions of its employee and/or actual agent, Mr. Tisdale.

**14.**

It was reasonably foreseeable that the negligence as set forth herein would cause Plaintiffs to suffer the damages alleged in paragraphs 7-10.

**15.**

As a direct, foreseeable, and proximate cause of Defendant's negligence, Plaintiffs suffered the injuries alleged in paragraphs 7 - 10, herein.

//

//

## PUNITIVE DAMAGES

### 16.

Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 – 15 herein.

### 17.

Defendant Exel, acting through its employee Terry Steven Tisdale in his capacity as a Defendant Exel truck driver, exhibited a reckless and outrageous indifference to a highly unreasonable risk of harm.  Mr. Tisdale exhibited a conscious indifference to the health, safety and welfare of the public, including bicyclists like Plaintiffs, who were legally cycling in a bicycle lane when Defendant Exel's tractor/trailer hit them.  Mr. Tisdale also exhibited an indifference to the health, safety, and welfare of the public by attempting to interfere with the police investigation and witnesses' statements after the crash described in paragraph 6.  Plaintiffs are therefore entitled to punitive damages against Defendant in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

### 18.

Plaintiffs hereby demand trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER

**WHEREFORE,** Plaintiffs demand judgment against Defendant Exel as follows:

1. For Plaintiff Eric Moutal's economic damages in an estimated amount yet to be determined with the actual amount to be determined by the jury, but in excess of $75,000;

2. For Plaintiff Eric Moutal's noneconomic damages in an amount to be proven at trial, but in excess of $75,000;

3. For Plaintiff Andrea Newman's economic damages in an estimated amount yet to be determined with the actual amount to be determined by the jury;

4. For Plaintiff Andrea Newman's noneconomic damages in an amount to be proven at trial, but in excess of $75,000;

COMPLAINT - 1

5.   For punitive damages in an amount to be proven at trial;

6.   For Plaintiffs' costs and disbursements incurred herein; and

7.   Any other relief the Court deems just and equitable.

DATED this 13th day of September, 2017.

                    THE BARTON LAW FIRM, P.C.

                    s/ William A. Barton
                    William A. Barton, OSB #720209
                    Brent Barton, OSB #062698
                    attorneys@bartontrialattorneys.com

                    Attorneys for Plaintiffs

COMPLAINT - 1