**Robert E. Barton, OSB #814637**
E-mail: bob.barton@bullivant.com
**Elizabeth R. Bain, OSB #020276**
E-mail: elizabeth.bain@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Exel, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERIC MOUTAL and ANDREA NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>EXEL, INC., a foreign corporation,<br><br>Defendant. | Civil No.: 3:17-CV-01444-HZ<br><br>**DEFENDANT'S TRIAL BRIEF REGARDING ADMISSIBILITY OF THE GOPRO VIDEO AND IDENTIFICATION OF PLAINTIFFS' WITHDRAWN WITNESS** |

## INTRODUCTION

The issue before this Court is whether Plaintiffs can prevent Defendant Exel, Inc.

("Exel") from disclosing Jordan Bailey's status as Plaintiffs' retained expert witness by

withdrawing his expert opinions and offering him as a late disclosed lay witness. (Exel does

not intend to elicit Mr. Bailey's "expert" opinions, given that Exel moved to exclude them.)

## I. BACKGROUND

Plaintiffs in this case originally retained Mr. Robert E. Burney, JD as a testifying

expert. Plaintiffs produced Mr. Burney's report in September 2018. Mr. Burney's

qualifications included a JD and extensive road cycling experience. Unfortunately, Mr.

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

Burney died during the summer of 2019. Plaintiffs notified Exel of their intent to obtain a replacement expert.

On September 12, 2019 Plaintiffs' counsel forwarded the report and CV for replacement expert Mr. Jordan Bailey. Unlike Mr. Burney, Mr. Bailey does not hold a JD and does not have extensive road cycling experience. Exel expressed concern that Mr. Bailey did not possess the qualifications to adopt the opinions in Mr. Burney's report. Exel then requested Mr. Bailey's deposition.

Exel deposed Mr. Bailey on October 15 and 24, 2019.[1] At the first session of his deposition, Mr. Bailey testified that all the materials he reviewed were provided by Plaintiffs' counsel, and that he wrote his report by retyping Mr. Burney's report word-for-word. He also testified that as part of his work for this case, Mr. Bailey produced a video using a GoPro camera, taken while he rode his bicycle from Viento State Park westbound along I-84 to Wyeth on August 30, 2019. After deposition, Exel filed a motion to exclude "expert" testimony by Mr. Bailey on the grounds that he had quite literally copied Mr. Burney's report and lacked the qualifications to offer those opinions.

After Exel filed its motion, Plaintiffs filed their Expert Narratives[2] on November 6, 2019, listing "Jordan Bailey – Bicycle Expert and Educator." The same day, Exel filed Defendant's Witness List and Statements,[3] identifying testifying expert Joseph Craig[4] and stating, in part: "Mr. Craig will also testify in rebuttal to plaintiffs' late disclosure of their

---

[1] Exel refers the Court to Documents 068 and 069 (Defendant's Motion to Exclude Testimony by Plaintiffs' Expert Jordan Bailey, and Declaration of Robert E. Barton in support thereof), for the deposition testimony supporting the assertions in the remainder of this paragraph.

[2] Document 70

[3] Document 72

[4] Defendants had previously complied with the Rule 26 disclosures. *See* Document 72 at 11:4-13:2.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

purported bicycle expert Jordan Bailey…including Bailey's intrusion into the traffic lane when he made his first time ever bicycle trip between Viento State Park and Wyeth Campground."[5]

Six days later Plaintiffs filed their response[6] to Exel's motion to exclude "expert" testimony by Mr. Bailey. Plaintiffs indicated for the first time they "do not plan to call Jordan Bailey for substantive testimony regarding bicycle safety" but "*may* call Mr. Bailey to establish a foundation"[7] for some exhibits and "reserve the right to call Mr. Bailey for evidentiary purposes[.]" Exel would also like to call Mr. Bailey "for evidentiary purposes," specifically to lay a foundation for the creation and content of the GoPro video.

## II.    ARGUMENT AND AUTHORITIES

Following the unfortunate death of Mr. Burney, Plaintiffs were faced with two options: (1) Seek a continuance of the trial date to allow more time to find a suitable replacement expert with qualifications similar to Mr. Burney to testify at trial. (2) Seek a replacement expert available to write a report and give a deposition prior to the early December trial date and go forward with trial as scheduled. Plaintiffs chose the latter and—now unsatisfied with their decision—seek to disrupt Exel's trial presentation by abruptly declaring Mr. Burney "irreplaceable"[8] and attempting to exclude the expert they selected.

While they are likely dismayed to discover that Mr. Bailey crossed from the shoulder into the traffic lane during his ride[9] and preserved it on a GoPro video, Plaintiffs themselves are responsible for Mr. Bailey's decision to create the video. They had the opportunity to

---

[5] *Id.,* 12:25-13:2

[6] Document 83

[7] Emphasis in the original.

[8] Document 83

[9] Highly relevant, as Exel asserts Plaintiffs did this exact thing.

Page 3–    DEFENDANT'S TRIAL BRIEF REGARDING ADMISSIBILITY OF THE GO-PRO VIDEO

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

thoroughly review it before disclosure, and could have withdrawn Mr. Bailey as a testifying expert prior to his deposition. However, Plaintiffs did not. The Court should not reward Plaintiffs' dilatory behavior by allowing them to change course mere days before trial.

### A. Plaintiffs Cannot Convert Mr. Bailey Into A Lay Witness

Plaintiffs' attempt to "withdraw" Mr. Bailey as an expert is no more than an attempt to magically convert Mr. Bailey from a disclosed testifying expert to a surprise lay witness. (Mr. Bailey is not disclosed as a lay witness on any of Plaintiffs' pretrial filings.) Plaintiffs response to Exel's motiom explicitly states Plaintiffs "reserve the right to call Mr. Bailey for evidentiary purposes[.]" Plaintiffs indicate they "do not plan to call Jordan Bailey for substantive testimony regarding bicycle safety" but "*may* call Mr. Bailey to establish a foundation"[10] for some exhibits. This assertion borders on ludicrous, as the documents for which Plaintiffs "*may*" call Mr. Bailey to establish a foundation *are all documents that Plaintiffs provided to Mr. Bailey.*[11] There is no authority allowing Plaintiffs to make such a conversion; the Court should throw down the yellow flag and disallow it.

### B. Defendant May Call Mr. Bailey and Identify Him As Plaintiffs' Expert

Exel was unable to locate any case law in the Ninth Circuit that directly addresses the question of whether a party may call the withdrawn expert of an opposing party.[12]  However, FRCP 26(b)(4)(B) and (D) only shield an expert who is hired solely for trial preparation and to draft reports.

---

[10] Emphasis in the original.

[11] As Exel pointed out in the motion to exclude Mr. Bailey's expert testimony, it isn't even clear he read those documents; for example, he testified "there are only two spots in Oregon where bike lanes—where roadways are not open to people riding bikes" but the Oregon Bicyclist Manual—which Plaintiffs provided to Mr. Bailey—identifies seven such locations. *See* Document 68 at page 8.

[12] Additionally, in all of the cases addressing this question, the party seeking to call the withdrawn expert intended to solicit his expert opinions. In the present case, Exel is not seeking to elicit Mr. Bailey's expert opinions—and in fact moved to exclude them! Instead, Exel is seeking to lay a foundation for the creation and content of Mr. Bailey's GoPro video.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0015

### 1. *Guinn*: Opposing Party May Call Withdrawn Expert

The Western District of Oklahoma was faced with a similar situation in the matter of *Guinn v. CRST Van Expedited, Inc[13]*. In *Guinn,* the plaintiff hired Glen Honeycutt as an expert and disclosed him in accordance with Rule 26. Following Mr. Honeycutt's deposition, the defendant decided not to retain its own expert. Both parties listed Mr. Honeycutt as an expert witness on the initial final pretrial report, and on the amended report. The parties later submitted a second amended report and a third amended report on which the plaintiff did not identify Mr. Honeycutt as an expert and objected to the defendant's use of Mr. Honeycutt's deposition testimony at trial.

The *Guinn* court observed that Rule 26(b)(4) "is silent as to how the court should treat the request by a party to use an adverse party's designated expert at trial after the adverse party withdraws that expert's designation."[14] This is because the rule is  about the discoverability (not admissibility) of expert opinion testimony. Further, the court noted that case law addressing whether a party can use an opposing party's withdrawn expert distinguish between a consultant and a testifying expert, because consulting experts are not subject to the same discovery requirements. Ultimately, the *Guinn* court permitted the defendant to use Mr. Honeycutt's deposition testimony; in order to eliminate any prejudice resulting from the disclosure that Mr. Honeycutt used to be the plaintiff's witness, the court granted the plaintiff's request to also call Mr. Honeycutt to testify live at trial.

In arriving at this decision, the court spent a good amount of ink analyzing *House v. Combined Ins. Co. of America*, 168 F.R.D. 236 (N.D. Iowa 1996). That court determined that a party was not entitled to depose the opposing party's designated testifying expert witness

---

[13] The *Guinn* matter was not reported in F. Supp. 2d. It is available as *Guinn v. CRST Van Expedited, Inc.*, W.D. Okla., 2011 WL 2414393. A true and correct copy is attached to this brief for the Court's convenience.

[14] Citing *Ferguson v. Michael Food, Inc.,* 189 F.R.D. 408, 409 (D.Minn.1999).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile 503.295.0915

when that witness was withdrawn prior to the deposition—but could call that expert at trial. Where an expert is designated as a testifying expert, "the expert is recognized as presenting part of the common body of discoverable, and generally admissible information and testimony available to all parties." *House*, 168 F.R.D. at 345. This is consistent with Moore's Federal Practice treatise: "Once a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party nor the expert's testimony at trial."[15]

## 2. Application of *Guinn*: Exel May Call Mr. Bailey

The *Guinn* court explained how courts should proceed when asked to decide whether a withdrawn expert can be called to testify for the opposition: the answer is determined according to the specific circumstances presented by the case. Subsequent cases[16] explain that this requires a balancing test that considers (1) the interests Rule 26 serves; (2) any prejudice caused by informing the jury that an expert presented by one party was, at one time, working for the opposition; (3) "the court's interest in the proper resolution of issues;" and (4) the interests of the party seeking the testimony. *See Smith v. CSAA Fire and Casualty Ins. Co.*, W.D. Okla. 2019 WL 4577109.[17] It is notable that in these cases the concern about

---

[15] 6 Moore's Federal Practice - Civil § 26.80[l][a] (7th ed. 2014)

[16] Westlaw identifies five cases that cite to *Guinn*, none of which are published: (1) *Smith v. CSAA Fire and Casualty Ins. Co.*, W.D. Okla. 2019 WL 4577109 (discussed briefly *supra*); (2) *Dudley Flying Srv., Inc. v. AG Air Maint. Srvs. Inc.*, E.D. Ark 2015 WL 1757886 (question: can the plaintiff may call the defendant's testifying expert—who was not withdrawn—in plaintiff's case in chief; answer: no); (3) *Carabajal v. Lucio*, D. Colo. 2019 WL 141864 (applying the *House* factors to conclude it was appropriate to allow the defendants to call the plaintiff's testifying expert designated in the final pretrial order and the trial witness list); (4) *Brigham Young Univ. v. Pfizer, Inc.*, D. Utah 2012 WL 1029304 (permitting the defendants to call the plaintiffs' withdrawn expert witness, but not to identify him as a former plaintiff-side expert); (5) *Appleton Papers Inc. v. U.S. Environmental Protection Agency*, E.D. Wisc. 2012 WL 1079884 (citing *Guinn* for the proposition that Rule 26 does not subject consulting experts to disclosure unless exceptional circumstances exist).

[17] A true and correct copy of this opinion is attached to this brief for the Court's reference. (In *Smith*, it was the plaintiff seeking to call the defendant's withdrawn expert; the court

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

prejudice to the opposing party stems from use of the expert opinions of that expert. This is in line with the Federal Rules of Evidence's definition of "unfair prejudice" (see discussion, *infra*) as it suggests an improper basis for the jury's decision.[18]

Applying those factors to the present case, the purpose of Rule 26 is not frustrated by allowing a disclosed testifying expert (who produced a report and was deposed over the course of two days) to testify at trial or have pertinent excerpts from his deposition transcript read to the jury. Because Exel intends to call Mr. Bailey to testify in order to lay a foundation as a lay witness for the GoPro video he created, and not for the "expert" opinions in his cribbed report, there is little to no prejudice created by his prior retention. Exel's interest is in laying a foundation for the video, not in appropriating Mr. Bailey's /Mr. Burney's expert opinions to support its case

In the *Guinn* case—as in the present matter—the testifying expert was deposed prior to being withdrawn. The only difference is that in the *Guinn* case the defendant identified Mr. Honeycutt as a testifying witness early in the case, and the plaintiff in *Guinn* withdrew the witness during the multiple amendments to the pretrial report. Unlike the defendant in *Guinn*, Exel could not have waited until the conclusion of Mr. Bailey's deposition on October 24 to decide whether to retain an expert—the Rule 26 disclosure deadlines in this case had already passed. Further, Excel did not identify Mr. Bailey because it was unnecessary; Plaintiffs' Expert Narratives,[19] filed after Exel's motion to exclude Mr. Bailey's expert testimony, listed Mr. Bailey as an expert witness. Exel had no reason to believe Plaintiffs would withdraw Mr. Bailey (and did not have permission to file amended pretrial papers like the parties in *Guinn*).

/ / /

---

granted the request.)

[18] Namely, "even Plaintiff's own expert agrees with Exel."

[19] Document 70



**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile 503.295.0915

### C.  Exel May Identify Mr. Bailey As Plaintiffs' Withdrawn Expert

To determine whether the defendant would be permitted to reveal that Mr. Honeycutt was initially retained by the plaintiff, the *Guinn* court cited an unpublished opinion for the proposition that the issue is within the discretion of the trial court.[20]

By disclosing Mr. Bailey as a testifying expert, Plaintiffs have waived any privilege the work product doctrine would have afforded. Plaintiffs cannot un-waive that privilege. At all prior points in time, Plaintiffs absolutely knew that jurors would be told they retained Mr. Bailey as a testifying expert at trial. Even if that fact is somehow prejudicial (Excel does not concede this) Rule 403 does not mandate its exclusion. Rule 403 allows the Court to exclude relevant evidence where the probative value is substantially outweighed by a danger of "unfair prejudice." As the Advisory Committee noted, not all prejudice is "unfair prejudice." Instead, "'unfair prejudice' within the context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[21]

In the context of this case, Plaintiffs cannot demonstrate that it is unfair prejudice under FRE 403 for the jury to learn that Mr. Bailey was originally Plaintiffs' witness who created a video of the pertinent location. That fact does not suggest any emotional or improper basis of decision to the jury. Further, it is within the province of the jury to determine the weight afforded to trial testimony by considering a witness' potential source of bias. Plaintiffs have not demonstrated the Court has the authority to shield the jury from a fact that is highly relevant to Mr. Bailey's potential bias.

/ / /

/ / /

---

[20] The only case that is even arguable in Plaintiffs' favor on this point is an unpublished decision from Utah, *Brigham Young Univ. v. Pfizer, Inc.*, D. Utah 2012 WL 1029304. That decision conclusively states "it would be unduly prejudicial" without any analysis or explanation.

[21] Rule 403, Notes of Advisory Committee on Proposed Rules

Page 8–   DEFENDANT'S TRIAL BRIEF REGARDING ADMISSIBILITY OF THE GO-
PRO VIDEO

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

## CONCLUSION

For the reasons stated above, Exel respectfully requests this Court permit Exel to call Mr. Bailey to lay a foundation for the GoPro video he created by Mr. Bailey, and to provide context by establishing that he was originally retained as Plaintiffs' testifying expert.

DATED:  December 4, 2019

BULLIVANT HOUSER BAILEY PC

By _____
        Robert E. Barton, OSB #814637
        E-mail:   bob.barton@bullivant.com
        Elizabeth R. Bain, OSB #020276
        E-mail:   elizabeth.bain@bullivant.com
        888 SW Fifth Avenue, Ste. 300
        Portland, Oregon  97204-2089
        Telephone: 503.228.6351
        Attorneys for Exel, Inc.

4849-4912-4526.1

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915